# JS-44 Civil Cover Sheet

## I (a) PLAINTIFFS
Michiel Everett, Jose A. Torres and Joel Morales

## DEFENDANTS
Tenet Healthcare Corporation and American Med. Central, Inc. d/b/a Palmetto General Hospital

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Miami-Dade

03-CV-22525/Martinez/Dube

**CIV-MARTINEZ**

**MAGISTRATE JUDGE DUBÉ**

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Andrés Rivera-Ortiz, Esq.
Law Offices of Andrés Rivera-Ortiz, P.A.
330 S.W. 27th Ave, Suite 608, Miami, FL 33135

**ATTORNEYS (IF KNOWN):** Unknown

## (d) CIRCLE COUNTY WHERE ACTION AROSE:
**DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. CAUSE OF ACTION

**IVa.** 2 days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT
[X] 710 Fair Labor Standards Act
[X] 530 General
[X] 540 Mandamus & Other
[X] 550 Civil Rights

## VI. ORIGIN
[X] 1 Original Proceeding

## VII. REQUESTED IN COMPLAINT:
**JURY DEMAND:** [X] YES

**DATE:** 9/25/03

Receipt No. 889846   Amount: 150
Date Paid: 9/25/03

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 6/90

UNITED STATES DISTRICT COURT FOR THE 03-22525
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MICHIEL EVERETT, JOSE A. TORRES, and
JOEL MORALES
    Plaintiffs

CIV-MARTINEZ

MAGISTRATE JUDGE
DUBÉ

v.

TENET HEALTHCARE CORPORATION and
AMERICAN MED. CENTRAL, INC.
d/b/a PALMETTO GENERAL HOSPITAL
    Defendants
_____/

## COMPLAINT

1. Plaintiffs, MICHIEL EVERETT, JOSE A. TORRES, and JOEL MORALES ("Everett", "Torres", and "Morales", respectively, or "Plaintiffs", collectively) bring this action against TENET HEALTHCARE CORPORATION and AMERICAN MED CENTRAL, INC. d/b/a PALMENTO GENERAL HOSPITAL (TENET and AMERICAN, respectively, or Defendants collectively) for compensation and other relief under the Fair Labor Standards Act (the "Act" or "FLSA"), as amended, 29 U.S.C.§ 216(b).

2. Defendants are corporations with an office and place of business in Miami-Dade County, Florida, where they are engaged in the medical industry.

3. This action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provision of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b).

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b). Defendants are, and at all times pertinent to this Complaint were, engaged in interstate commerce. At all times pertinent to this Complaint Defendants, individually and/or collectively, regularly owned and operated a business and utilized goods, products and/or materials that moved in interstate commerce. Based upon information and belief the annual gross sales of Defendants, individually and/or collectively, were in excess of $500.000.00 per annum.

5. Tenet and American were single and/or joint employers of Plaintiffs. By reason of the foregoing, Defendants were, individually and collectively, during all times hereafter mentioned an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

6. At all times pertinent to this Complaint Defendants failed to comply with 29 U.S.C. §§ 201-219, and DOL Regulation 29 C.F.R. §§516.2 and 516.4, in that Plaintiffs performed services for Defendants for which no provision was made by the Defendants to properly pay Plaintiffs for those hours.

7. Everett started to work for Defendants around 2001. Torres started to work for Defendants around 1998. Morales started to work for Defendants around 2002. Plaintiffs worked as polysomnographic technicians ('Sleep Technicians") at Palmetto General Hospital in Miami, Florida. By reason of such employment, Plaintiffs were employed during the relevant period by an enterprise engaged in commerce or in the production of goods for commerce within the

meaning of 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiffs themselves were engaged in commerce. The work performed by Plaintiffs was directly essential to the business of Defendants in interstate commerce, which was directly essential to the business performed by Defendants.

8.  Torres hourly rate at Defendants was $21.61 an hour. Everett's hourly rate at Defendants was $20.03 an hour.  Morales's hourly rate at Defendants was $17.50 an hour.

9.  In the course of employment with Defendants, Plaintiffs worked the number of hours required of them but were not paid time and one-half for all the hours worked in excess of forty (40) per work week during one or more work weeks.

10.  The records concerning the number of hours actually worked by Plaintiffs are in the possession, custody and control of Defendants.

### COUNT I: RECOVERY OF OVERTIME COMPENSATION

11.   Plaintiffs readopt and re-allege all allegations contained in Paragraphs 1 through 10 above.

12. Plaintiffs are entitled to be paid time and one half of their regular rate of pay for each hour worked in excess of forty (40) per work week for each week during the relevant period where they were not paid said time and one half.

13.  By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorney's fees.

14. As a result of Defendants' willful violation of the Act, Plaintiffs are entitled to liquidated damages in an equal amount to that set forth in Paragraph 12 above.

**WHEREFORE** Plaintiffs demand judgment against Defendants, jointly and/or severally, for the wages and overtime payments due them during the relevant period for the hours worked by them for which they were not been properly compensated, liquidated damages and attorney's fees and cost of suit, and for all proper relief including prejudgment interest. Plaintiffs further request that the Court award such other remedies as it deems just and proper. Plaintiffs demand trial by jury.

**DATED THIS** 25 day of Sept, 2003

Respectfully submitted,

LAW OFFICES OF
ANDRES RIVERA-ORTIZ, P.A.
Attorneys for Plaintiff
330 SW 27th Avenue, Suite 608
Miami, FL 33135
Tel. 305-643-2255
Fax 305-643-2256

by ANDRES RIVERA-ORTIZ
FBN: 373478

4